LAY, Chief Judge,
dissenting.
I respectfully dissent from the panel’s denial of the FDIC’s petition for rehearing in this matter. Although I originally joined the panel opinion, further reflection on the case law and argument raised by the FDIC’s petition for rehearing have convinced me that the court wrongly decided the principal issue involved and incorrectly remanded the case to state court.
I fully agree with our original conclusion that if the FDIC raises a disputable issue of federal law in its answer, the state law exception of 12 U.S.C. § 1819(b)(2)(D)(iii) (1989) is inapplicable and the federal district court should retain jurisdiction. See Capizzi v. FDIC, — F.2d —, 1991 WL 105459 (1st Cir. June 19, 1991); Lazuka v. FDIC, 931 F.2d 1530, 1535 (11th Cir.1991). However, in our panel opinion we rejected FDIC’s argument that federal jurisdiction existed based on FDIC’s reliance on 12 U.S.C. § 1823(e) (1989) raising a good faith federal defense to Empire’s equitable claim to the proceeds from the Hartford fidelity bonds. I now believe this holding was in error.
Empire bases its equitable right to share in the bond proceeds upon the 1984 participation agreement from which it received a contractual interest in the Sather promissory notes held by the failed bank. It urges that the participation agreement provides the basis to assert a claim of equitable subrogation against the proceeds of the blanket fidelity bonds. Section 1823(e) addresses any agreement which diminishes an asset of the FDIC. One of the prerequisites of a valid agreement under section 1823 is that it be contemporaneously executed with the failed bank’s acquisition of the asset, a requirement this court has strictly construed. See FDIC v. Virginia Crossings, 909 F.2d 306, 309-10 (8th Cir.1990). The FDIC contends that since the participation agreement was executed over two years after the failed bank acquired the Hartford bonds, there is no contemporaneous execution. I am now satisfied that this clearly sets forth a colorable federal defense and raises a disputable issue concerning application of section 1823(e). I therefore respectfully submit that the panel opinion wrongly decides that only issues of state law are present and incorrectly affirms the district court’s remand of the case to state court based upon section 1819(b)(2)(D)(iii).
This case assumes further importance because it establishes the law of this circuit in conflict with other circuits. It also contradicts earlier law of this circuit.
The panel opinion takes too narrow a view of the reach of section 1823(e). This circuit and other circuits reject the panel opinion’s implication that section 1823(e) and the D’Oench doctrine extend only to “secret” off-the-books agreements. See, e.g., FDIC v. Manatt, 922 F.2d 486, 488-89 (8th Cir.1991) (holding that claim based upon written agreement in files of bank was barred by section 1823(e) because agreement was not adequately shown in the board meeting minutes); Adams v. Madison Realty & Development, Inc., — F.2d —, 1991 WL 111703 at *8 (3d Cir. June 27, 1991) (holding that term “agreement” in section 1823(e) includes more than side and secret agreements); Twin Construction Inc. v. Boca Raton, Inc., 925 F.2d 378, 383-84 (11th Cir.1991) (finding that claim based upon written agreement in bank’s files barred because not executed per the requirements of section 1823(e)). A recent Fifth Circuit case succinctly states the general rule: “[The agreement] need not be “secret,” only outside the bank’s records. In addition, an actual scheme is not required_” FSLIC v. Griffin, 935 F.2d 691, 698 (5th Cir.1991). The Griffin court found an equitable lien claim analogous to the one Empire asserts in this case barred by D’Oench. See also Adams v. Walker, — F.Supp. —, 1991 WL 111068 at *5 (D.Kan. June 20, 1991) (section 1823(e) “expands D’Oench, Duhme in that it applies to any agreement, whether or not it was “secret,” and regardless of the maker’s participation in a scheme”).
With the 1989 FIRREA amendments to 12 U.S.C. § 1819, Congress expressed its intent that suits involving the FDIC should generally be decided in the federal courts. Kirkbride v. Continental Casualty Co., 933 F.2d 729, 731-32 (9th Cir.1991). The holding in Empire State Bank runs counter to the great weight of recent cases interpreting section 1823(e). Because I now believe the panel opinion incorrectly decides important issues that will no doubt recur in this circuit, I dissent from the denial of the FDIC’s petition for rehearing by the panel.